## 8740

### *EX PARTE* FAUST

### *IN RE* RHAME v. BANK OF BRUNSON.

RECEIVER OF BANK.—When the bank examiner applies to the Court for the appointment of a receiver for an unsound bank, the Court may appoint the bank examiner, the nominee of that officer, one of the Court's officers or any other person the Court may select and may remove such receiver for neglect of duty, incompetency, dissipation, etc., and there was no abuse of discretion in this case in removing a receiver for dissipation.

Before RICE. J., Hampton, May, 1913. Affirmed.

Petition of I. P. Faust *et al, In re* B. J. Rhame as State Bank Examiner, against Bank of Brunson for removal of receiver. Mr. W. M. Robinson, receiver, appeals. The Circuit order removing the receiver is:

"The above-named petitioners claim to be creditors and stockholders of the Bank of Brunson, and come before this Court asking that the present receivers for said bank, W.

E. Richardson and Walter M. Robertson, be removed from office. Upon the application of the petitioners, based upon the statement in the verified petition, on May 12, 1913, a rule was issued out of this Court requiring the said two receivers to show cause before me at chambers, at Aiken, S. C., on May 24, 1913, why the prayer of the petitioners should not be granted.

"On the date named Richardson and his attorney appeared and made return to the rule. Robertson appeared by attorney only, but he also made return to the said rule. The petition was supported by several affidavits. Both of the returns were verified, and were also supported by several affidavits. In addition to said returns, Richardson, at his own request, was duly sworn, and testified in regard to several matters connected with the said receivership, which said testimony was taken down in writing by the stenographer of the Circuit, and will be filed with the records in the case.

"No charge of dishonesty, mismanagement, or lack of ability, is made in the petition against either of the receivers.

"The grounds upon which the motion to remove the said receivers is based are very numerous, and do not deem it necessary to state them all in this order. Among them, however, are the following, to wit: Against Robertson it is charged that at times he is addicted to the use of intoxicating liquors to such an extent as to totally disqualify him from attending to any kind of business, and that on more than one occasion since he has been receiver for said bank, that he has been in this condition. It is also charged against said Robertson that his business relationship with D. F. Moore, the president of the said bank, have heretofore been, and are now, of such nature as to render said Robertson not an 'indifferent' person as between the interest of said Moore, who is the largest stockholder in the said

bank, and the interest of the other stockholders and creditors. The latter charge is also made against Richardson.

"It is further charged against Richardson that he is cashier of the Bank of Beaufort located some fifty (50) miles from Brunson, is an officer in several other banks, with numerous duties to perform in connection with said banks, is receiver for the Carolina Telephone Company, which said telephone company executed a mortgage in favor of the said Bank of Brunson, which said mortgage is being attacked as a fraud; that as receiver of said telephone company and receiver of the Bank of Brunson his duties will be conflicting as regards the said mortgage.

"Both receivers are also charged with violating an order of this Court recently made in the case of *P. D. Peeples, et al.* v. *W. A. Lawton, et al.*

"All the material grounds set out in the petition are denied by Richardson, and he denies any information as to the attack upon the said mortgage, but alleges that if the Court shall find that his duties as receiver of the said Bank of Brunson and receiver for the said telephone company conflict, that he will immediately resign as receiver of Carolina Telephone Company.

"Robertson also denies nearly all of the grounds alleged against him, but admits that he has attended the Keeley Institute for inebriates. He admits also that he has been employed by said D. F. Moore in various capacities.

"The evidence shows that Richardson accepted the position of receiver of the said bank upon the solicitation of the State Bank Examiner, who certainly must have known at the time, of his connection with the other banks named, and must have been satisfied before asking the Court to appoint him, that his duties to the said banks would not prevent his giving to the affairs of the insolvent Bank of Brunson that attention which the situation imperatively demands. That he will do so I am satisfied, from the showing made before

me in his return. That he is a man of ability, honesty, sobriety and integrity, no one seems to doubt.

"The return satisfies me that he is now not, nor never has been, so related in business to the said D. F. Moore, or any other person interested in the said Bank of Brunson or its affairs, as to subject him to any just criticisms of not being 'indifferent' in a legal sense, as between any conflicting claims that may arise in the settlement of the business of the said bank.

"I am satisfied, however, from the showing made before me that an attack has been made upon the validity of the mortgage given by the said Carolina Telephone Company to the said Bank of Brunson, and that there will probably be a conflict between the duties of the receiver of the said telephone company and receiver of the Bank of Brunson in regard to the said mortgage.

"The return satisfies me that neither of the receivers wilfully violated the order of this Court hereinabove referred to. And that any such violation arose from a misconstruction of the purport and effect of the order.

"The charge of drunkenness against Robertson is sustained. It appeared from the statement of his own counsel that, although in the city of Aiken on the day of the hearing of the return to the rule, that he was in such an intoxicated condition as not to be able to attend. It was also admitted by his counsel that he at other times indulged in drunken orgies which incapacited him from attending to business during such occasions. It was stated by counsel for petitioners, and not denied by any one, that at least on two occasions since being appointed receiver for said bank he had been on such 'sprees.'

"Upon the showing made at the hearing of the return, as to his business connection with the said D. F. Moore, I am satisfied that the said Robertson is not 'indifferent' in the legal acceptation of the term, as between the interest of the said Moore and the other stockholders and creditors of the

said bank. This finding does not necessarily, nor is it intended to, cast any reflection upon the honesty or integrity of the said Robertson.

"In a very recent opinion of our Supreme Court it is said of the results of taking of alcoholic stimulants to excess: 'All men know that alcohol may make liars of the truthful, knaves of the honest, ruffians of the gentle, and traitors of the faithful.' (Italics mine.) No charge of dishonesty or unfaithfulness to duty is brought against the receiver, Robertson, but upon the contrary, it appears that he stands high in the community in which he lives for honesty, integrity and ability, but the truth contained in the above quotation is so obvious, that I cannot hesitate to remove from office a receiver who is subject, even at times, to the dominion of the demon of drink. It is, therefore,

"The order of this Court, that the said W. M. Robertson be, and hereby is, removed from the office of receiver of the said Bank of Brunson, and the prayer of the petition in such respect is granted. It is further

"Ordered that the said W. E. Richardson be also removed from office as receiver of the said Bank of Brunson, unless in twenty (20) days from the date of this order he shall resign as receiver for the Carolina Telephone Company, and such resignation shall be accepted within said time. In case the said Richardson shall in good faith resign his office as receiver for said telephone company, as hereinabove set out, and for any good reason he cannot procure the acceptance of such resignation within the time herein limited, the leave is hereby given him to apply to this Court for an extension of the time in which to procure such acceptance of such resignation. And it is further

"Ordered that pending the appointment and qualification of another receiver or receivers, the said W. E. Richardson continue to exercise the duties devolving upon him now as receiver of the said Bank of Brunson, and the said W. M. Robertson is hereby directed and required to turn over to

W. E. Richardson all the books, papers, accounts and other property of the said Bank of Brunson now in his hands. And it is further

"Ordered that the said W. M. Robertson do make report to this Court at the next term thereof, of his actings and doings as receiver of the said Bank of Brunson."

*Mr. W. B. deLoach,* for appellant.

*Messrs. T. A. Hamilton* and *George Warren,* contra.

March 14, 1914.   The opinion of the Court was delivered by

MR. JUSTICE WATTS.   It appears that upon proper proceedings instituted by B. J. Rhame, Esq., State Bank Examiner, Walter E. Richardson and W. M. Robertson were appointed receivers of the Bank of Brunson, and duly qualified as such receivers, and entered upon the duties of the office.   That the respondents, as creditors of the bank, applied for and obtained from his Honor, Judge Rice, a rule requiring them to show cause why they should not be removed as receivers of said bank, and after return was made by them to this rule and a full hearing by Judge Rice, Judge Rice, on May 29, 1913, passed an order removing W. M. Robertson as receiver of said bank, and on May 30, 1913, made an order appointing C. F. Riser, of Olar, S. C., one of the receivers of said bank.   From these orders W. M. Robertson appeals.   For a proper understanding of the case the order of his Honor of May 29, 1913, removing Robertson, should be set out in the report of the case.

Exception 1 is overruled as the case shows as amended by order of Judge Rice that the attorney for bank examiner was served with the petition and rule issued therein by his Honor.

Exceptions 2, 3, 4, 5, 6 and 7 allege error on the part of his Honor in his finding of facts, and by reason of

such findings his removal of Robertson as receiver. There was ample testimony to sustain his Honor in his finding of facts, and in the exercise of his discretion. He had the right to remove the receiver and we see no erroneous exercise of that discretion. Section 2648, Code of Laws, provides what the bank examiner shall do in case of unsound banks: * * * "he shall have full power upon consultation with the State Treasurer to take and retain possession of all of the assets and property of every description belonging to such bank or banking institution, provided he shall have first applied for and obtained an order of this effect from a Circuit Judge, either residing or presiding, at the time in the Circuit in which such bank or banking institution is located, two days' notice of such application being first given to the board of directors of said bank of the application for said order. And it shall be his duty and he is hereby authorized and empowered to make proper application to the Court for the appointment of himself or some other person as receiver to wind up and settle the affairs of such bank or banking institution." This language is plain and unambiguous. It does not mean, as appellant's counsel contends, that the Court is compelled to name as receiver the bank examiner, or some one named by him, but the Court can name its own receivers. In the exercise of its discretion and its inherent power it can appoint its own officers either the bank examiner, the bank examiner's nominee, or any other suitable person that the Court sees fit, and after such appointment is made, the Court, for sufficient cause shown, such as neglect of duty, incompetency, dissipated habits, etc., may remove its appointee and put in a suitable person. The evidence before his Honor was that the appellant was dissipated, and given to excessive drink, and even when he was ruled to show cause why he should not be removed as receiver he allowed his appetite to get control of him to such an extent that he was unable to attend the hearing of the matter, under such condition his Honor

was justified in removing him, and these exceptions are overruled.

Exceptions 8 and 9 complain of error on the part of his Honor in appointing Riser as a receiver of the Bank of Brunson. These exceptions are overruled as the Court of Common Please has a right to remove a receiver duly appointed for sufficient cause shown, and has a right to administer the funds and estate that it has taken charge of to the best interests of the parties interested, and having rightly removed Robertson, the Court, in the exercise of its discretion, could appoint some suitable person in his place.

Exception 10 is overruled for the reason that the evidence conclusively shows that petitioners are creditors of the Bank of Brunson.

Exceptions 11 and 12 are overruled for the reason we find no erroneous exercise of discretion on the part of his Honor in doing what he had ample power and authority to do by law.

Judgment affirmed.